UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | | |
|---|---|---|---|
| DAVID A. MOORE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No. 4:09CV1342 RWS | |
| | ) | (TIA) | |
| JILL McGUIRE, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition for Writ of Habeas Corpus under 28 U.S.C.

§ 2254. The case was referred to the undersigned Magistrate Judge for a report and recommendation

pursuant to 28 U.S.C. § 636(c).

## I. Procedural History

On January 9, 2008, Petitioner pled guilty in the Circuit Court of Dunklin County to the class

B felony of driving while intoxicated as a chronic offender. (Legal File, Resp't's Ex. D 8-10)   The

prosecution noted Petitioner's previous convictions of DWI on January 15, 2004; vehicular assault

in the second degree on March 24, 1993; and DWI on March 13, 1996. (Id. at 10)   Petitioner

acknowledged the propriety of the convictions as represented by the prosecution and represented to

the court that he and his attorney had discussed the case a lot, and he desired to plead guilty. (Id. at

8-10)   Pursuant to the plea agreement, the court sentenced Petitioner to 5 years in prison, with a

short furlough to allow Petitioner to take care of some personal business. (Id. at 11-12)

Petitioner filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant

to Rule 24.035 of the Missouri Supreme Court Rules on April 24, 2008 and an amended motion on

July 24, 2008. (Legal File, Resp't's Ex. D 18-49)  In the amended motion, Petitioner argued that the

prosecution failed to prove four prior DWI convictions to support his chronic offender status. (Id. at 30-31)  The circuit court denied Petitioner's motion, and the Missouri Court of Appeals affirmed on June 29, 2009.  Moore v. State, 288 S.W.3d 810, 812 (Mo. Ct. App. 2009).  On August 19, 2009, Petitioner filed the present petition for a writ of habeas corpus in federal court.

## II.  Petitioner's Claims

In his petition, the Petitioner raises three grounds for federal habeas relief:

(1)     The factual basis for his chronic offender status was insufficient because the prosecutor did not state that the prior conviction for second degree vehicular assault was intoxication-related;

(2)     Missouri's chronic offender statute is unconstitutionally vague;

(3)     Petitioner's five-year sentence was excessive because he was not a chronic offender; and

(4)     The factual basis for the chronic offender status was insufficient because the prosecutor failed to present documentation proving the prior convictions.

(Pet. 5-6, ECF No. 1; Resp. to Order to Show Cause 1, ECF No. 9)  In response, the Respondent contends that the claims alleged by Petitioner are either non-cognizable or procedurally defaulted. Alternatively, the Respondent asserts that the claims are without merit.

## III.  Discussion

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard.  Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999).  A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  Id. (quoting 28 U.S.C. § 2254(d)(1)).  Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C.

§ 2254(e)(1).  See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual

findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court

arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court

decides a case differently than this Court has on a set of materially indistinguishable facts." Williams

v. Taylor, 529 U.S. 362, 412-413 (2000).  With regard to the "unreasonable application" clause, "a

federal habeas court may grant the writ if the state court identifies the correct governing legal

principle from this Court's decisions but unreasonably applies that principle to the facts of the

prisoner's case."  Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006);

Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006).  In other words, "a federal habeas court may

not issue the writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that

application must also be unreasonable."  Williams, 529 U.S. at 411.

## A.  Grounds One, Three, and Four

Petitioner contends in these three claims that the factual basis for his chronic offender

status was insufficient such that he should not have received an enhanced sentence.  The Missouri

Court of Appeals addressed these claims, finding:

> Movant claims his sentence exceeded the lawful range of punishment because the
> State provided insufficient evidence that he was a chronic offender.  He cites these
> facts summarized by the State and admitted by Movant at the plea hearing:
>
>> [PROSECUTOR]:  Yes, Your Honor. On August 18th of 2007,
>> Dunklin County, the Defendant operated a motor vehicle on Highway
>> J west of Malden while under the influence of alcohol.
>> He is a chronic alcohol related traffic offender in that previously on
>> January 15, 2004 he was convicted of DWI and was represented by

counsel; on March 24, 1993 Defendant was convicted of vehicular assault in the second degree in the Circuit Court [of] this court and Defendant was represented by counsel; on March 13th, 1996, he was convicted of driving while intoxicated in Audrain County Circuit Court, at which time he was represented by counsel.

[THE COURT]: Are the things the Prosecutor just said correct, Mr. Moore?

[MOVANT]: Best of my knowledge, Your Honor, yes.

Movant complains that the prosecutor merely recited three guilty plea dates without documentary support or factual detail, and "failed to prove four prior DWI convictions."

A person with four prior DWIs is a chronic offender. § 577.023.1(2)(a). So is a person with prior convictions for § 565.060.1(4) second-degree assault (*i.e.,* a criminally-negligent DWI causing injury to another) and two other intoxication-related offenses. *See* § 577.023.1(2)(c). Movant was this type of chronic offender, and it was these convictions that the State summarized and Movant admitted at the plea hearing. The State did not need a fourth DWI.

The record plainly shows that Movant and his counsel agreed he was a chronic offender and forwent such proof, as § 577.023.11 allows, in view of his favorable plea bargain. He got what he was promised in the process—the minimum sentence on the charge. His plea thus waived any need to better prove his convictions, and all other non-jurisdictional issues. See Berry, 214 S.W.3d at 415; State v. Sexton, 75 S.W.3d 304, 309 (Mo. App.2002). Point I fails.

Moore v. State, 288 S.W.3d 810, 811-12 (Mo. Ct. App. 2009).

Respondent first argues that Petitioner's claims are not cognizable because the requirement that a factual basis exist for a guilty plea does not rest in the Constitution, but rather is procedural in nature. The Constitution requires only that a guilty plea be made knowingly and voluntarily. Petitioner, on the other hand, asserts that the state was required to prove all the elements of the offense and failed to present sufficient evidence that Petitioner was a chronic offender beyond a reasonable doubt.

At the outset, the undersigned finds as noncognizable Petitioner's claims that the factual basis

for his guilty plea as a chronic offender was insufficient either because the prosecution did not mention that the second-degree vehicular assault was related to intoxication (Claim 1) or because the prosecution failed to present documentation to prove the prior convictions (Claim 4). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991) (citations omitted). While a factual basis is required under Fed. R. Crim. P. 11(b)(3) to support a guilty plea, this requirement "derives only from the Federal Rules of Criminal Procedure, and not from the Constitution." Sanders v. Moore, No. 4:08CV01213 ERW, 2010 WL 816175, at *3 (E.D. Mo. March 4, 2010) (citation omitted). However, "[e]stablishment of a factual basis may be constitutionally required when the guilty plea is accompanied by claims of innocence." Wabasha v. Solem, 694 F.2d 155, 157 (8th Cir. 1982) (citation omitted). Admissions made under oath during the guilty plea hearing provide ample factual basis for a plea of guilty. Cummings v. United States, 831 F.2d 779, 781 (8th Cir. 1987); see also United States v. Carr, 271 F.3d 172, 179 (4th Cir. 2001) ("It is also settled that the judge may establish the factual basis for the guilty plea through questioning in open court, documents, or other evidence in the record."); Davis v. Russell, No. 4:08cv0138 CDP, 2011 WL 1770932, at *10 (E.D. Mo. May 10, 2011) (finding sworn testimony from the petitioner during the plea proceeding acknowledging the accuracy of prosecutor's statements sufficient to establish a factual basis for petitioner's guilty plea).

Here, the state court of appeals found, and the record reflects, that Petitioner agreed the chronic offender status was proper in light of the two DWI convictions and the vehicular assault conviction set forth by the prosecution. Moore, 288 S.W.3d at 810-11. Petitioner did not assert claims of innocence at any time during the guilty plea hearing. Instead, he affirmed that the nature

of the crime charged, along with the prior convictions which rendered him a chronic alcohol related

traffic offender, were correct. Id. at 810. Based upon questioning in open court and Petitioner's

responses to those questions, the trial court concluded, "[l]et the record reflect Mr. Moore fully

understands his Constitutional rights, nature of the crime charged, range of punishment and

consequences of his guilty plea and he knowingly, voluntarily and intelligently waives his

Constitutional rights and enters a plea of guilty and it's ordered that his plea be accepted and be

entered in the records of the court." (Legal File, Resp't's Ex. D 10). This is not a case where the

Petitioner requests that the Court analyze the factual basis of his plea in the context of a claim of

innocence. He merely contends that the prosecution failed to demonstrate that he was a chronic

offender, and the resulting sentence based on that status was excessive. These grounds for relief,

however, do raise a constitutional claim and are not cognizable in these federal habeas proceedings.

See Davis, 2011 WL , at *9 (finding petitioner's claim that his guilty plea lacked a factual basis,

without a proclamation of innocence was not a cognizable claim for habeas relief).

Even if the claims were cognizable, however, Petitioner's claims for habeas relief lack merit.

"Determinations of state law by the Missouri Court of Appeals are binding." Crump v. Caspari, 116

F.3d 326, 327 (8th Cir. 1997) (citation omitted). Under Missouri law, a chronic offender includes,

*inter alia*, "[a] person who has pleaded guilty to or has been found guilty of two or more

intoxication-related traffic offenses and, in addition, any of the following . . . assault in the second

degree under subdivision (4) of subsection 1 of section 565.060 . . . ." Mo. Rev. Stat. §

577.023.1.(2)(c). Assault in the second degree under Mo. Rev. Stat. § 565.060.1(4) states that a

person commits the crime of second degree assault if he "[w]hile in an intoxicated condition or under

the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so

operating, acts with criminal negligence to cause physical injury to any other person than himself."

The prosecutor in the trial court noted two prior DWI convictions, along with a conviction for second degree vehicular assault. However, Petitioner argues that the factual basis for his chronic offender status was insufficient because the prosecutor did not specify that the assault was intoxication related or did not present files and documents proving the prior convictions. Under Missouri law:

> A factual basis is established where the information or indictment clearly charges the defendant with all of the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt. . . . Every element of a crime to which a defendant pleads guilty need not be explained as long as the defendant understands the nature of the charge. . . . Furthermore, as long as the basis exists on the record as a whole, the factual basis need not be established by the defendant's words or by an admission of the facts recited by the State. . . . If the guilty plea is made voluntarily and with understanding and is unequivocal as to the factual requisites necessary to establish each element of an offense, the plea itself forms a factual basis for the guilty plea.

Fee v. State, 283 S.W.3d 296, 298 (Mo. Ct. App. 2009) (internal citations omitted).

Here, the information stated that Petitioner's prior conviction was "assault in the second degree, operating a vehicle while intoxicated resulting in injury . . . ." (Legal File, Resp't's Ex. D 3) Further, Petitioner testified that he understood the nature of the charge and was knowingly and voluntarily pleading guilty. (Id. at 10)  Therefore, under Missouri law, Petitioner's guilty plea formed the factual basis for his plea as a chronic offender. Fee, 283 S.W.3d at 298.

Likewise, the court of appeals found, "[Petitioner's] plea thus waived any need to better prove his convictions, and all other non-jurisdictional issues." Moore, 288 S.W.3d at 812 (citing Berry v.

State, 214 S.W.3d 413, 415 (Mo. Ct. App. 2007) and State v. Sexton, 75 S.W.3d 304, 309 (Mo. Ct. App. 2002)). In Berry, the Missouri Court of Appeals held that where a defendant's guilty plea is knowing and voluntary, defendant "waives all non-jurisdictional defects, defenses, and errors . . ." 214 S.W.3d at 416; see also United States v. Cook, 447 F.3d 1127, 1128 (8th Cir. 2006) ("a defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal.") (citation omitted).

The undersigned thus finds that application of state law with regard to Petitioner's guilty plea, was a reasonable application of, and was not contrary to, clearly established federal law. In addition, the state decision that the Petitioner and his attorney agreed he was a chronic offender and gave up presenting proof and that Petitioner received the minimum sentence, which he bargained for, was a reasonable determination of facts in light of the evidence in the state court. Davis, 2011 WL 1770932, at *10. As stated by Respondent, Petitioner was a chronic offender, rendering his underlying DWI a class B felony punishable by imprisonment for five to fifteen years. Mo. Rev. Stat. §§ 577.023.5 and 558.011.1(2). In accordance with his guilty plea, Petitioner received the minimum possible sentence. As such, the undersigned finds that Petitioner's first, third, and fourth grounds for habeas relief lack merit and should be denied.

### Ground Two

Petitioner also claims that the chronic offender statute, Mo. Rev. Stat. § 577.023.1, is unconstitutionally vague. The Missouri Court of Appeals addressed this claim and found:

> Movant also claims § 577.023.1 is unconstitutional; specifically that "or more" language in subsections (1)(a), (2)(a), and (4)(a) could be arbitrarily applied and thus is void for vagueness. We need not further describe Movant's complaint because he lacks standing to assert it.

> A person does not have standing to challenge the constitutionality of a statute simply because [the statute] may be subject to the charge of invalidity. Standing is a prerequisite to such a challenge. In order to acquire standing, a litigant must be adversely affected by the statute he challenges. (internal citations and quotation marks omitted).

State v. Stottlemyre, 35 S.W.3d 854, 861 (Mo.App.2001). Movant can challenge § 577.023.1 only if the provisions that he criticizes "'[have] application to the facts of his case' and, thus, 'adversely affected'" him. Id. That is not this case. As shown in Point I, Movant was a chronic offender under subsection (2)(c). Subsections (1)(a), (2)(a), and (4)(a)—the subjects of Point II's argument—were not part of his case.

In addition, and extending our Point I observation,

> The general rule in Missouri is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guaranties. The failure to challenge the constitutionality of a statute at the earliest opportunity waives the issue.... If Defendant wanted to challenge the constitutionality of this statute, he must have done so before pleading guilty. (internal citations omitted).

Sexton, 75 S.W.3d at 309. Notwithstanding dicta in Dorsey v. State, 115 S.W.3d 842, 844 n. 2 (Mo. banc 2003), the instant claim is not jurisdictional[2] and Movant's guilty plea waived it. We deny Point II and Movant's motion, taken with the case, to transfer this constitutional issue to the Missouri Supreme Court for decision. Stottlemyre, 35 S.W.3d at 861. The judgment is affirmed.

Moore v. State, 288 S.W.3d 810, 812 (Mo. Ct. App. 2009).

In addition to the provision applied to the Petitioner, Mo. Rev. Stat. § 577.023.1(2)(a) also describes a chronic offender as "[a] person who has pleaded guilty to or has been found guilty of four or more intoxication-related traffic offenses." Here, Petitioner argues that the wording "four or more" intoxication-related traffic offenses is vague in that it leaves too much room for prosecutorial discretion. The Respondent contends that this case is procedurally defaulted because the state court did not review the claim but found Petitioner either lacked standing because he was a chronic offender under subsection (2)(c), not (2)(a), or because he waived the argument by pleading guilty.

The undersigned finds that Petitioner has procedurally defaulted on this claim. "Federal

habeas review is barred when a federal claim has not been 'fairly presented' to the state court for a determination on the merits." Hall v. Delo, 41 F.3d 1248, 1249 (8th Cir.1994) (quoting Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994)). Further, federal courts will not review a state court decision on a question of federal law where the decision rests on an independent state ground and adequately supports the judgment, regardless of whether the state law ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "'The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.'" Collier v. Norris, 485 F.3d 415, 425 (8th Cir. 2007) (quoting Coleman, 501 U.S. at 729-30)). A state prisoner who does not satisfy such procedural requirement "'forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards.'" Id. (quoting Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004).

"Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986) (citation omitted).

To show actual innocence, a petitioner must claim that the "constitutional error had resulted in the conviction of one who is actually innocent of the crime." Schlup v. Delo, 513 U.S. 298, 324 (1995). Specifically, the petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Id. The standard compels petitioner to

persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Id. at 329; Perry v. Norris, 107 F.3d 665,666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely successful because this type of evidence is usually unavailable. Id.

In the instant case, the state court declined to address the merits because Petitioner lacked standing or, alternatively, waived his constitutional claim by pleading guilty. Moore, 288 S.W.3d at 812. Thus, the Petitioner defaulted on this claim because the state court found that procedurally Petitioner lacked standing to assert his claim that the statutory provision was void for vagueness and declined to address the merits. See Hall v. Delo, 41 F.3d 1248, 1250 (8th Cir. 1994) ("A federal claim has not been fairly presented to the state courts when the state court has declined to decide the federal claim on the merits because the petitioner violated a state procedural law.") (citations omitted). Further, Petitioner neither asserts cause and prejudice nor claims that he is actually innocent. Thus, he is unable to overcome the procedural bar, and his second ground should be denied as procedurally defaulted.

In addition, while this Court may not address the merits of Petitioner's claim, the undersigned notes that statutory provision that Petitioner argues is unconstitutionally vague was not applied to him. Further, to have standing, Petitioner must be adversely affected by the challenged statute. State v. Stottlemyre, 35 S.W.3d 854, 861 (Mo. Ct. App. 2001). Petitioner has made no such showing and does not have standing to assert his claim that the statute he challenges is unconstitutionally vague. As a result, his claim should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition of David A. Moore for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).


                    /s/ Terry I. Adelman
                    UNITED STATES MAGISTRATE JUDGE

Dated this  16th  day of July, 2012.