UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID ALLEN MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV1342  RWS |
| | ) | |
| JILL MCGUIRE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the petition for writ of habeas corpus filed by Petitioner David Moore.  I referred this matter to United States Magistrate Judge Terry I. Adelman for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b).  On July 16, 2012, Judge Adelman filed his recommendation that Moore's habeas petition should be denied.  On September 13, 2012, Moore filed his objections to Judge Adelman's Report and Recommendation.  Moore objects to Judge Adelman's conclusion that the state court decisions in this matter did not merit relief under the standards set by 28 U.S.C. § 2254.

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254 (d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

I have conducted a de novo review of the issues raised by Moore's objections and find them to be without merit.

On August 18, 2007, Moore was arrested for driving while intoxicated.  On January 9, 2008, Moore pleaded guilty in the Circuit Court of Dunklin County to the class B felony of driving while intoxicated and to his status as a chronic offender.  He received a five-year sentence based on his chronic offender status under § 577.023 R.S.Mo.

A person with four prior DWIs is a chronic offender under subsection § 577.023.1(2)(a). A person is also a chronic offender under subsection § 577.023.1(2)(c) if he has a prior conviction under § 565.060.1 (second degree assault arising from operating a vehicle while intoxicated resulting in injury) and two other intoxication-related traffic offenses.  Moore pleaded guilty to being a chronic offender under this second subsection, § 577.023.1(2)(c).[1]

At the change of plea and sentencing hearing on January 9, 2008, the prosecutor recited the dates of Moore's two previous DWI convictions and stated the date of Moore's second degree assault conviction.  However, the prosecutor did not expressly state that the second degree assault conviction involved Moore's operation of a vehicle while intoxicated.  Moore pleaded guilty to his status as a chronic offender under § 577.023.1(2)(c).

*Effect of guilty plea*

Moore asserts four claims in his habeas petition.  Three of them, grounds one, three, and four, concern the same issue.  Moore claims that he was wrongfully found to be a chronic

---

[1] According to the Information in Moore's case he had two previous DWI convictions on March 13, 1986 and on January 15, 2004. (At the plea hearing Moore's March 13, 1986 conviction was misstated as having taken place in 1996).  He also had a March 24, 1993 conviction for assault in the second degree based on his operation of a motor vehicle while intoxicated resulting in an injury.

offender because the prosecutor failed to present documentation at the change of plea hearing proving Moore's prior convictions and the prosecutor did not explicitly state that Moore's second degree vehicular assault charge was intoxication related.

At Moore's change of plea hearing the trial judge confirmed that Moore and his counsel had talked at length about the case before Moore agreed to plead guilty as a chronic offender. The Missouri Court of Appeals, in ruling on Moore's state court petition for post-conviction relief, found that Moore and his counsel agreed that Moore was a chronic offender.  Moore v. State, 288 S.W.3d 810, 811- 812 (Mo. Ct. App. 2009).  The court noted that, by pleading guilty, Moore "waived any need to better prove his convictions."  Id.  See also Cummings v. United States, 831 F.2d 779, 781 (8th Cir. 1987)(admissions under oath at a guilty-plea hearing provide an ample factual basis for a plea of guilty).

Moreover, although the prosecutor did not explicitly state at the change of plea hearing that the second degree assault conviction involved Moore's operation of vehicle while intoxicated, the Information in the case clearly stated that fact.  The record reveals that the Missouri Court of Appeals' ruling did not run afoul of the standards of 28 U.S.C. § 2254 in concluding that Moore's plea established his status as a chronic offender.

*Constitutional challenge to § 577.023*

Moore's remaining ground for relief, ground two, asserts that Missouri's chronic offender statute, § 577.023 is unconstitutionally vague.  In his post-conviction appeal in state court, Moore specifically challenged only subsections (1)(a), (2)(a), and 4(a) of the statute.  He argued that the

words "or more" used in these sections were vague because they could be arbitrarily applied.[2]

---

[2] The relevant parts of section 577.023.1 states:

(1) An "aggravated offender" is a person who: (a) Has pleaded guilty to or has been found guilty of three or more intoxication-related traffic offenses; or (b) Has pleaded guilty to or has been found guilty of one or more intoxication-related traffic offense and, in addition, any of the following: involuntary manslaughter under subdivision (2) or (3) of subsection 1 of section 565.024; murder in the second degree under section 565.021, where the underlying felony is an intoxication-related traffic offense; or assault in the second degree under subdivision (4) of subsection 1 of section 565.060; or assault of a law enforcement officer in the second degree under subdivision (4) of subsection 1 of section 565.082;

(2) A "chronic offender" is: (a) A person who has pleaded guilty to or has been found guilty of four or more intoxication-related traffic offenses; or (b) A person who has pleaded guilty to or has been found guilty of, on two or more separate occasions, any combination of the following: involuntary manslaughter under subdivision (2) or (3) of subsection 1 of section 565.024; murder in the second degree under section 565.021, where the underlying felony is an intoxication-related traffic offense; assault in the second degree under subdivision (4) of subsection 1 of section 565.060; or assault of a law enforcement officer in the second degree under subdivision (4) of subsection 1 of section 565.082; or (c) A person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses and, in addition, any of the following: involuntary manslaughter under subdivision (2) or (3) of subsection 1 of section 565.024; murder in the second degree under section 565.021, where the underlying felony is an intoxication-related traffic offense; assault in the second degree under subdivision (4) of subsection 1 of section 565.060; or assault of a law enforcement officer in the second degree under subdivision (4) of subsection 1 of section 565.082;

(3) "Continuous alcohol monitoring", automatically testing breath, blood, or transdermal alcohol concentration levels and tampering attempts at least once every hour, regardless of the location of the person who is being monitored, and regularly transmitting the data. Continuous alcohol monitoring shall be considered an electronic monitoring service under subsection 3 of section 217.690;

(4) An "intoxication-related traffic offense" is driving while intoxicated, driving with excessive blood alcohol content, involuntary manslaughter pursuant to subdivision (2) or (3) of subsection 1 of section 565.024, murder in the second degree under section 565.021, where the underlying felony is an intoxication-related traffic offense, assault in the second degree pursuant to subdivision (4) of subsection 1 of section 565. 060, assault of a law enforcement officer in the second degree pursuant to subdivision (4) of subsection 1 of section 565.082, or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance;

(5) A "persistent offender" is one of the following: (a) A person who has pleaded guilty to or has

The Missouri Court of Appeals declined to address the merits of this constitutional claim based on Moore's lack of standing.  Moore v. State, 288 S.W.3d at 812.  The court found that Moore pleaded guilty of being a chronic offender under subsection (2)(c).  The court held that Moore did not have standing to challenge subsections (1)(a), (2)(a), and (4)(a) because these subsections were not part of his case and he has not been adversely effected by them.  Id.  Alternatively, the court of appeals found that Moore's guilty plea waived his right to challenge the constitutionality of the chronic offender statute.  Id.

In his Report and Recommendation, Judge Adelman found that Moore has procedurally defaulted this claim because he failed to specifically challenge the statute that applied to him, subsection (2)(c) in state court.  I agree that Moore has procedurally defaulted this claim for failing to raise it in his state court proceedings.[3]

Even if this claim was not procedurally defaulted, the subsections Moore challenges as unconstitutionally vague were not applied in his case.  The Missouri Court of Appeals determination that Moore lacked standing to challenge these provisions does not conflict with the standards for relief set forth in § 2254.

---

been found guilty of two or more intoxication-related traffic offenses; (b) A person who has pleaded guilty to or has been found guilty of involuntary manslaughter pursuant to subdivision (2) or (3) of subsection 1 of section 565.024, assault in the second degree pursuant to subdivision (4) of subsection 1 of section 565.060, assault of a law enforcement officer in the second degree pursuant to subdivision (4) of subsection 1 of section 565.082.

[3] In his objections to Judge Adelman's Report and Recommendation, Moore asserts, for the first time, that he can circumvent this procedural default based on a claim of ineffective assistance of post-conviction counsel under Martinez v. Ryan, 132 S. Ct. 1309 (2012).  The Martinez opinion was issued on March 20, 2012.  Because I have addressed Moore's constitutional claim on the merits, I decline to address whether Moore's ineffective assistance of post-conviction counsel claim can be raised for the first time in his objections filed on September 13, 2012.

Moreover, I also find that the Missouri Court of Appeals' ruling, that Moore waived any constitutional challenges to § 577.023 when he entered a guilty plea, did not conflict with the standards for relief set forth in § 2254. See Neely v. McDaniel, 677 F.3d 346, 349 (8th. Cir. 2012)(by entering a voluntary and intelligent guilty plea to a violation of a criminal statute, a defendant cannot challenge the constitutionality of the statute as applied in his case). However, a guilty plea does not waive a claim that a criminal statute, judged on its face, is unconstitutional. Id.

To succeed on his facial challenge to the statute, Moore must establish that "no set of circumstances exists under which the [statute] would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987). "The fact that the [statute] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." Id. Moore asserts that § 577.023 is vague because a person may be deemed a *persistent* offender with two "or more" prior intoxication-related offenses; an *aggravated* offender with three "or more" such offences; and a *chronic* offender with four "or more" intoxication-related offenses. Moore argues that statue is ambiguous because a person with four prior intoxication-related offenses may be charged by the prosecutor as a persistent, an aggravated, or a chronic offender. Moore asserts that the discretion a prosecutor may exercise in charging a four-time offender with any of these offense levels makes that statute arbitrary because it fails to give adequate notice of prohibited conduct.

The underlying offense which Moore pleaded guilty to, driving while intoxicated, is unambiguously prohibited. Section 577.023 also clearly gives notice that a person with four prior DWIs may be charged and sentenced as a chronic offender if he is convicted of another

-6-

DWI offense.  The fact that the prosecutor has discretion to charge him as a chronic offender or to the lesser subclassifications as a persistent or aggravated offender does not make §577.023 unconstitutional.  Prosecutors have discretion to decide what charges shall be filed against a defendant.  See  Ball v. United States, 470 U.S. 856, 859 (1985)("This Court has long acknowledged the Government's broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case).  See also United States v. Campbell, 410 F.3d 456, 461 (8th Cir. 2005)(" we recognize the broad discretion given to prosecutors in enforcing criminal statutes").

As a result, I find that Moore's claim that § 577.023 is unconstitutionally vague is without merit.

I have considered whether to issue a certificate of appealability.  To grant a certificate of appealability, I must find a substantial showing of the denial of a federal constitutional right.  See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Moore has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Adelman's Report and Recommendation filed on July 16, 2012 is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner David Moores's Petition for Writ of

Habeas Corpus is **DENIED**.

  **IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

  A separate Judgment in accordance with this Memorandum and Order is entered this same date.


              _____
              RODNEY W. SIPPEL
              UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2012.